# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

HEALTHCARE SERVICES GROUP, INC. )
                )
    Plaintiff,         )
                )
v.                ) Case No. 18-CV-161
                )
COLONIAL MANOR HEALTH    )
CARE, LLC et al.,         )
                )
    Defendants.        )

## DEFENDANT MOUNT CARMEL HEALTH CARE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Mount Carmel Health Care, LLC, (hereinafter referred to as "Defendant"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, respectfully states to this Honorable Court as follows:

### The Parties

1. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 1, and therefore denies the same.

2. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 2, and therefore denies the same.

3. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 3, and therefore denies the same.

4. Defendant admits the allegations contained within paragraph 4.

5. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 5, and therefore denies the same.

1

6. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 6, and therefore denies the same.

7. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 7, and therefore denies the same.

8. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 8, and therefore denies the same.

9. Defendant admits the allegations contained within paragraph 9.

10. Defendant admits the allegations contained within paragraph 10.

11. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

12. Defendant admits there is some commonality of ownership amongst the various Defendants. Defendant denies every remaining allegation within paragraph 12.

13. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

14. Defendant denies each and every allegation set forth within paragraph 14 of Plaintiff's Complaint.

15. Defendant denies each and every allegation set forth within paragraph 15 of Plaintiff's Complaint.

16. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

17. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

### HCSG Contract with Kindred Healthcare Operating, Inc.

18. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 18, and therefore denies the same.

19. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 19, and therefore denies the same.

20. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 20, and therefore denies the same.

21. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 21, and therefore denies the same.

22. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 22, and therefore denies the same.

23. Defendant denies each and every allegation set forth within paragraph 23 of Plaintiff's Complaint.

24. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 24, and therefore denies the same.

25. In response to paragraph 25, the document speaks for itself and as such, no response is required.

## COUNTS I - IV

Counts I through IV are allegations against other named defendants within the Complaint and as such, Defendant does not need to admit or deny such allegations as no response is required.

## COUNT V—BREACH OF WRITTEN CONTRACT: HCSG v. MOUNT CARMEL

64. Defendant incorporates by reference its answers to each paragraph set forth above.

65. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

66. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

67. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

68. Defendant denies each and every allegation set forth within paragraph 68 of Plaintiff's Complaint.

69. Defendant denies each and every allegation set forth within paragraph 69 of Plaintiff's Complaint.

70. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

71. Defendant denies each and every allegation set forth within paragraph 71 of Plaintiff's Complaint.

72. Defendant denies each and every allegation set forth within paragraph 72 of Plaintiff's Complaint.

### COUNT VI—BREACH OF ORAL CONTRACT:
### HCSG v. MOUNT CARMEL

73. Defendant incorporates by reference its answers to each paragraph set forth above.

74. Defendant admits Plaintiff has pled breach of an oral contract in the alternative to its first count. To the extent this paragraph asserts liability for the same, Defendant denies.

75. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

76. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

77. Defendant admits Plaintiff would issue invoices for services provided. Defendant denies each and every remaining allegation set forth within paragraph 77 of Plaintiff's Complaint.

78. Defendant denies each and every allegation set forth within paragraph 41 of Plaintiff's Complaint.

79. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

5

80. Defendant denies each and every allegation set forth within paragraph 80 of Plaintiff's Complaint.

81. Defendant denies each and every allegation set forth within paragraph 81 of Plaintiff's Complaint.

## COUNTS VII – XVI

Counts VII through XVI are allegations against other named defendants within the Complaint and as such, Defendant does not need to admit or deny such allegations as no response is required.

## COUNT XVII—UNJUST ENRICHMENT: HCSG v. MOUNT CARMEL

167. Defendant incorporates by reference its answers to each paragraph set forth above.

168. Defendant admits plaintiff has plead unjust enrichment in the alternative to its first two counts of breach of written and oral contracts. To the extent this paragraph asserts liability for the same, defendants deny.

169. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

170. Defendant denies each and every allegation set forth within paragraph 170 of Plaintiff's Complaint.

171. Defendant denies each and every allegation set forth within paragraph 171 of Plaintiff's Complaint.

172. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

173. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

174. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

175. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

## COUNTS XVIII – XXI

Counts XVIII through XXI are allegations against other named defendants within the Complaint and as such, Defendant does not need to admit or deny such allegations as no response is required.

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendant prays that the Court dismiss the Complaint at Plaintiff's own cost, and for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Pleading further and alternatively by way of affirmative defenses, Defendant states as follows:

1. That each cause of action in the Complaint directed at Defendant fails to state a claim for which relief may be granted and fails to state facts sufficient to entitle Plaintiff to the relief sought as against Defendant.

2. That Plaintiff's actions may constitute a waiver of any right or remedy to which it may otherwise be entitled.

3. That Plaintiff's claims are barred by the doctrine of unclean hands.

4. That Plaintiff's claims are barred under the principles of estoppel.

5. That Plaintiff has misjoined one or more Defendants in its complaint.

6. That Plaintiff's claims may be barred, reduced, limited or set off by damage caused to Defendant.

7. That Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual and legal developments in this case.

WHEREFORE, having fully answered and responded to the allegations contained in the Complaint, Defendant prays:

    a. That Plaintiff's Complaint be dismissed with prejudice with all costs taxed against Plaintiff;

    b. That Defendant be dismissed as a party to this action; and,

    c. For such other and additional relief as the Court deems just and proper.

Rinehart Scaffidi & Rinehart, LLC

By: /s/ William A. Rinehart II
William A. Rinehart II
State Bar No. 1055477
P.O. Box 11975
Milwaukee, WI 53211
Phone: (414) 963-9303
Fax: (414) 963-1376
E-Mail: warinehartii@rsrattorneys.com