IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

HEALTHCARE SERVICES GROUP, INC. )
)
        Plaintiff, )
)
v. ) Case No. 18-CV-161
)
COLONIAL MANOR HEALTH )
CARE, LLC et al., )
)
        Defendants. )

### DEFENDANT SAN LUIS HEALTH CARE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, San Luis Health Care, LLC, (hereinafter referred to as "Defendant"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, respectfully states to this Honorable Court as follows:

### The Parties

1. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 1, and therefore denies the same.

2. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 2, and therefore denies the same.

3. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 3, and therefore denies the same.

4. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 4, and therefore denies the same.

5. Defendant admits the allegations contained within paragraph 5.

1

6. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 6, and therefore denies the same.

7. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 7, and therefore denies the same.

8. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 8, and therefore denies the same.

9. Defendant admits the allegations contained within paragraph 9.

10. Defendant admits the allegations contained within paragraph 10.

11. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

12. Defendant admits there is some commonality of ownership amongst the various Defendants. Defendant denies every remaining allegation within paragraph 12.

13. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

14. Defendant denies each and every allegation set forth within paragraph 14 of Plaintiff's Complaint.

15. Defendant denies each and every allegation set forth within paragraph 15 of Plaintiff's Complaint.

16. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

17. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

## HCSG Contract with Kindred Healthcare Operating, Inc.

18. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 18, and therefore denies the same.

19. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 19, and therefore denies the same.

20. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 20, and therefore denies the same.

21. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 21, and therefore denies the same.

22. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 22, and therefore denies the same.

23. Defendant denies each and every allegation set forth within paragraph 23 of Plaintiff's Complaint.

24. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 24, and therefore denies the same.

25. In response to paragraph 25, the document speaks for itself and as such, no response is required.

## COUNTS I - VI

Counts I through VI are allegations against other named defendants within the Complaint and as such, Defendant does not need to admit or deny such allegations as no response is required.

## COUNT VII—BREACH OF WRITTEN CONTRACT: HCSG v. SAN LUIS

82. Defendant incorporates by reference its answers to each paragraph set forth above.

83. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

84. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

85. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

86. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

87. Defendant denies each and every allegation set forth within paragraph 87 of Plaintiff's Complaint.

88. Defendant denies each and every allegation set forth within paragraph 88 of Plaintiff's Complaint.

4

89. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

90. Defendant denies each and every allegation set forth within paragraph 90 of Plaintiff's Complaint.

91. Defendant denies each and every allegation set forth within paragraph 91 of Plaintiff's Complaint.

## COUNT VIII—BREACH OF ORAL CONTRACT: HCSG v. SAN LUIS

92. Defendant incorporates by reference its answers to each paragraph set forth above.

93. Defendant admits Plaintiff has pled breach of an oral contract in the alternative to its first count. To the extent this paragraph asserts liability for the same, Defendant denies.

94. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

95. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

96. Defendant admits Plaintiff would issue invoices for services provided. Defendant denies each and every remaining allegation set forth within paragraph 96 of Plaintiff's Complaint.

97. Defendant denies each and every allegation set forth within paragraph 97 of Plaintiff's Complaint.

98. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

99. Defendant denies each and every allegation set forth within paragraph 99 of Plaintiff's Complaint.

100. Defendant denies each and every allegation set forth within paragraph 100 of Plaintiff's Complaint.

## COUNTS IX – XVII

Counts IX through XVII are allegations against other named defendants within the Complaint and as such, Defendant does not need to admit or deny such allegations as no response is required.

## COUNT XVIII—UNJUST ENRICHMENT: HCSG v. SAN LUIS

185. Defendant incorporates by reference its answers to each paragraph set forth above.

186. Defendant admits plaintiff has plead unjust enrichment in the alternative to its first two counts of breach of written and oral contracts. To the extent this paragraph asserts liability for the same, defendants deny.

187. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

188. Defendant denies each and every allegation set forth within paragraph 188 of Plaintiff's Complaint.

6

189. Defendant denies each and every allegation set forth within paragraph 189 of Plaintiff's Complaint.

190. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

191. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

192. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

193. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

## COUNTS XIX – XXI

Counts XIX through XXI are allegations against other named defendants within the Complaint and as such, Defendant does not need to admit or deny such allegations as no response is required.

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendant prays that the Court dismiss the Complaint at Plaintiff's own cost, and for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Pleading further and alternatively by way of affirmative defenses, Defendant states as follows:

1. That each cause of action in the Complaint directed at Defendant fails to state a claim for which relief may be granted and fails to state facts sufficient to entitle Plaintiff to the relief sought as against Defendant.

2. That Plaintiff's actions may constitute a waiver of any right or remedy to which it may otherwise be entitled.

3. That Plaintiff's claims are barred by the doctrine of unclean hands.

4. That Plaintiff's claims are barred under the principles of estoppel.

5. That Plaintiff has misjoined one or more Defendants in its complaint.

6. That Plaintiff's claims may be barred, reduced, limited or set off by damage caused to Defendant.

7. That Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual and legal developments in this case.

WHEREFORE, having fully answered and responded to the allegations contained in the Complaint, Defendant prays:

    a. That Plaintiff's Complaint be dismissed with prejudice with all costs taxed against Plaintiff;

    b. That Defendant be dismissed as a party to this action; and,

    c. For such other and additional relief as the Court deems just and proper.

Rinehart Scaffidi & Rinehart, LLC

By: /s/ William A. Rinehart II
William A. Rinehart II
State Bar No. 1055477
P.O. Box 11975
Milwaukee, WI 53211
Phone: (414) 963-9303
Fax: (414) 963-1376
E-Mail: warinehartii@rsrattorneys.com