UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HEALTHCARE SERVICES GROUP, INC.,

        Plaintiff,

v.

                                        Case No. 18-cv-161-pp

COLONIAL MANOR HEALTH CARE, LLC, ET AL.,

        Defendants.

## CIVIL PRETRIAL ORDER

In preparation for trial, the court **ORDERS** that all counsel who will try this case shall meet and confer, and shall make a good-faith effort to prepare a single final pretrial report. The parties shall file that final pretrial report no later than **March 7, 2019**, and the principal burden for filing the report rests with counsel for the plaintiff. The final pretrial report shall include the following:

    1.    A brief summary of the claims, which the court will read to the *venire* during jury selection to inform them of the nature of the case and the identities of the parties;

    2.    A statement of the issues;

    3.    The anticipated length of the trial;

    4.    Any stipulations the parties have reached;

1

5. The name, occupation, and city of residence of each potential witness. The court will not permit a party to call in its case-in-chief any witness not listed, absent a showing of good cause;

5. A short narrative statement detailing the background and qualifications of any expert witness whom either party expects to testify;

6. A complete list of all exhibits the parties expect to offer or reference during the trial. The parties shall pre-mark all exhibits, using the numbering system the court has laid out in its procedures. See www.wied.uscourts.gov/judges/pamela-pepper (Tips for Practicing Before Judge Pepper, page 8, §VI(H). The parties shall disclose, and provide to, opposing counsel copies of the exhibits they plan to use at trial. If both parties plan to use the same exhibit, the parties shall mark that exhibit with only one exhibit number;

7. A designation of all depositions or portions of transcripts or other recordings of depositions to be read into the record or played at trial as substantive evidence. A party must show good cause to read or play more than five pages from a deposition;

8. Proposed nonstandard *voir dire* questions. See www.wied.uscourts.gov/judges/pamela-pepper (Tips for Practicing Before Judge Pepper, page 9, §VII(D));

9. A list of proposed Seventh Circuit pattern jury instruction numbers (not the text of the instructions themselves), and the text of any proposed non-pattern instructions;

10. A proposed verdict form;

11. A statement regarding whether the parties want the court to provide a court reporter; and

12. A statement as to how many jurors the parties wish to select.

If, after making a good-faith effort, the parties can't agree on particular *voir dire* questions, jury instructions, or forms of verdict, the party proposing the contested questions, instructions or verdict forms shall file its proposals separately, and shall include any case law, argument or other legal support for those proposals. The parties shall file their exhibit lists, *voir dire* questions, jury instructions, and verdict forms as PDF attachments to the final pretrial report. In addition, the parties shall e-mail a Word version of each of those documents to Judge Pepper's proposed order e-mail box: PepperPO@wied.uscourts.gov.

Parties planning to present their evidence electronically shall contact chambers **at least a week** before trial, to schedule a time to come into the courtroom and test their equipment.

Dated in Milwaukee, Wisconsin this 22nd day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**